UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-86-BR

| | |
|---|---|
| BURNIE L. MAJEED, SR. AND MIA MAJEED, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     ORDER<br>) |
| THE STATE OF NORTH CAROLINA, et. al., | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on plaintiffs' *pro se* "Motion to Return to [Original] Jurisdiction." (DE # 12.)

Plaintiffs "challenge the transfer" of this case from "District Court to Magistrate Court" on the ground that "a Magistrate Court has no jurisdiction over the plaintiffs case." (Id. at 1.) In support of its motion, plaintiffs cite to the legal principles of diversity jurisdiction and venue. (See id. at 3.) Plaintiffs contend because the "case was transferred without [their] consent or knowledge" the case must "be returned to District Court." (Id. at 6.)

The instant motion appears to contest the court's referral of plaintiffs' motion for entry of default (DE # 8) to United States Magistrate Judge James E. Gates. This referral was conducted pursuant to 28 U.S.C. § 636 and in accordance with Federal Rule of Civil Procedure 72 and Local Civil Rule 72.3. As for plaintiffs' concerns, the district judge remains responsible for determining the final outcome of the case. See Mathews v. Weber, 423 U.S. 261, 271 (1976). Plaintiffs' motion to return to original jurisdiction is DENIED.

Plaintiffs also request "an order granting plaintiffs, an additional 30 days in which to . . . respond to the Defendants Motion to Dismiss . . . ." (DE # 12, at 7.) The request is ALLOWED.

Plaintiffs' response to defendants' motion to dismiss shall be filed thirty (30) days from the filing of this order.

This 23 January 2019.

_____
W. Earl Britt
Senior U.S. District Judge