IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CV-86-BR

| | |
|---|---|
| BURNIE L. MAJEED, SR. and MIA MAJEED, </br></br>Plaintiffs, </br></br>v. </br></br>THE STATE OF NORTH CAROLINA and NORTH CAROLINA DEPARTMENT OF JUSTICE, ATTORNEY GENERAL'S OFFICE, </br>Defendants. | **ORDER** |

This case comes before the court on the motion (D.E. 8) by plaintiffs Burnie L. Majeed, Sr. and Mia Majeed (collectively "plaintiffs"), who are proceeding pro se, for entry of default against the current defendants, the State of North Carolina and North Carolina Department of Justice (collectively "current defendants"). For the reasons set forth below, the motion will be denied.

Plaintiffs commenced this action on 1 March 2018 against the State of North Carolina and the North Carolina Administrative Office of the Courts (collectively "original defendants"). Compl. (D.E. 1). On 4 June 2018, the Clerk of Court advised plaintiffs that the docket showed that they had not served these defendants within 90 days as required and that, absent a showing of good cause for their failure to effect service, the case would be dismissed without prejudice. 4 June 2018 Not. (D.E. 4). On 11 June 2018, plaintiffs responded to the notice. Pls.' Resp. (D.E. 5). In it, plaintiffs contend that they served the complaint on the original defendants in February 2018, before commencement of this case. *Id.* Attached to the response are two receipts for

payment of certified mail fees, dated 8 February 2018, which do not show the names or addresses of the addressees. Rcpts. (D.E. 5-1 at p. 2).

On 22 June 2018, plaintiffs filed an amended complaint. Am. Compl. (D.E. 7). It named the current defendants as the parties sued. The docket shows the change of defendants reflected in the amended complaint: the North Carolina Administrative Office of the Courts was terminated on 22 June 2018 and the North Carolina Department of Justice was added. The docket continued to identify the State of North Carolina as a defendant.

Plaintiffs filed the instant motion for entry of default on 17 August 2018. It seeks entry of default against the current defendants.

On 1 October 2018, a motion to dismiss (D.E. 10) this case was filed on behalf of the original defendants. It is based, in part, on the grounds that plaintiffs have never properly served sufficient process on them, including failing to serve a court-issued summons on them. Defs.' Mem. (D.E. 10-1) 3-5.

Entry of default is governed by Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). This rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Resolution of a motion for entry of default is a matter within the court's discretion. *Dalenko v. News & Observer Pub. Co.*, No. 5:10-CV-184-H, 2010 WL 5174511, at *2 (E.D.N.C. 26 Oct. 2010) ("Courts may exercise their discretion in considering whether to grant a motion for entry of default against a party."), *mag. judge order aff'd,* 2010 WL 5174518 (E.D.N.C. 14 Dec. 2010).

Here, plaintiffs' motion for entry of default is not supported by affidavit, and plaintiffs have not otherwise shown that they are entitled to entry of default. Even if considered on their motion for entry of default, the copies of the receipts for payment for certified mail certainly do not show proper service of process on any defendant. In addition, the docket does not reflect that plaintiffs ever procured issuance by the Clerk of Court of any summons to any defendant or that any waiver of service of a summons has been filed by any defendant. Moreover, this case is currently before the court for resolution of the original defendants' defense, asserted in their motion to dismiss, that service of sufficient process was never effected on them. Allowance of plaintiffs' motion prior to resolution of the dismissal motion would be inappropriate. *See Dykstra v. Temple,* No. 4:18-CV-145-FL, 2019 WL 96217, at *2 (E.D.N.C. 3 Jan. 2019) (denying motion for entry of default where "defendants have asserted potential defenses").

Plaintiffs' motion for entry of default is accordingly DENIED without prejudice. No entry of default against defendants shall be entered at this time.

SO ORDERED, this 11th day of March 2019.

_____
James E. Gates
United States Magistrate Judge