UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18–CV–86–BR

| | | |
|---|---|---|
| BURNIE L. MAJEED, SR. and MIA MAJEED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| THE STATE OF NORTH CAROLINA, et. al., | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on the North Carolina Department of Justice ("NCDOJ") and the North Carolina Administrative Office of Courts' ("NCAOC") (collectively "defendants") motion to dismiss. (DE # 10.) Burnie Majeed, Sr. and Mia Majeed ("plaintiffs") responded in opposition. (DE # 14.) The matter is now ripe for adjudication.

## I. BACKGROUND

This action arises over a property dispute regarding the Morphis–Durham Cemetery, part of a 100–acre plot of land in Baldwin Township, Chatham County, North Carolina. Plaintiffs assert a present possessory interest over the subject property as the property's heirs. (See Am Compl., DE # 7, at 3.) In 1885, Emma Smith Morphis ("Morphis") received a 100–acre plot from Mary Smith ("Smith") for her life, with the remainder in fee to her children. (Id. at 4–5.) The will states,

> I devise out of the Jones Grove tract in Chatham County, owned by my brother, Dr. Francis J. Smith, to Emma Morphis, wife of Henry Morphis (colored) one hundred acres, to Annette Kirby, wife of Ed Kirby (colored), one hundred acres, & to Laura Toole, wife of Gray Toole (colored), 100 acres of land, for their respective lives, free from the [control] or debts of their said husbands, & after their deaths to their children in fee. If either said Emma, Annette, or Laura, shall make conveyance of

their estates for life, or give a lien on the same by mortgage or otherwise, their
estates shall cease & their children respectively shall become immediately entitled
to the land of their mothers . . . .

(Compl., DE # 1–1, Ex. A, at 4–5.) Plaintiffs, as the descendants of Morphis, seek title to the Morphis–Durham Cemetery, a part of the 100–acre plot, because the land was mortgaged in 1911 and 1931 by Morphis' son, Eunie Morphis ("Eunie"). (See Am Compl., DE # 7, at 3; Pls.' Resp. Opp'n, DE # 14, at 9.) Because "Eunie [] had no legal authority, right, or ownership to have a lien placed on said land[,]" a condition of the will was violated, thereby making plaintiffs, as Morphis' living kin, the property's "rightful owners." (Pls.' Resp. Opp'n, DE # 14, at 9–10.)

"The [p]laintiffs seek justice for improper management by the courts of inherited land and properties," (Am. Compl., DE # 7, at 2), and "return of 100 acres . . . and all other properties and funds of the Smith/Morphis family estate[,]" (id. at 3). They invoke the court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343(a)(3), and 1357. (Id. at 5; Pls.' Resp. Opp'n, DE # 14, at 2.)

## II.   STANDARDS OF REVIEW

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6). (Def.s' Mem. Supp. Mot. Dismiss, DE # 10–1, at 1.) The court analyzes defendants' motion only as to Rule 12(b)(1) lack of subject matter jurisdiction and Rule 12(b)(6) failure to state a claim upon which relief can be granted.

**A.   Rule 12(b)(1)**

> When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The

moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.

Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768–69 (4th Cir. 1991) (internal citations omitted).

**B.      Rule 12(b)(6)**

"A district court should dismiss a complaint pursuant to Rule 12(b)(6) if, accepting all well–pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege enough facts to state a claim to relief that is plausible on its face." Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "Moreover, the court need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal quotation marks and citation omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . , a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009). Pro se complaints are liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III.    DISCUSSION

Defendants move to dismiss pursuant to Rule 12(b)(1) lack of subject matter jurisdiction and Rule 12(b)(6) failure to state a claim upon which relief can be granted. (Def.s' Mem. Supp. Mot. Dismiss, DE # 10–1, at 1.) Under Rule 12(b)(1), defendants claim plaintiffs' lawsuit is jurisdictionally barred by the Rooker–Feldman doctrine. (Id. at 5–6.) Under Rule 12(b)(6),

3

defendants argue plaintiffs fail to allege any facts that could entitle them to relief. (Id. at 8.) Specifically, defendants argue plaintiffs' claims against the NCAOC are barred by judicial immunity, (id. at 8–10), and that the NCDOJ does not conduct probate hearings, so it is not a properly named party to the action, (id. at 11). Plaintiffs respond in opposition, asserting due process violations under the Fifth and Fourteenth Amendments to the United States Constitution. (Pls.' Resp. Opp'n, DE # 14, at 5.)

A.  **Subject Matter Jurisdiction**

"The Rooker–Feldman doctrine prevents[] lower federal courts from exercising jurisdiction over cases brought by 'state–court losers' challenging 'state–court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (internal citation omitted). The scope of the Rooker–Feldman doctrine is "narrow and focused[.]" Thana v. Bd. of License Commissioners for Charles Cty., Maryland, 827 F.3d 314, 319 (4th Cir. 2016); see Lance, 546 U.S. at 464 ([n]either Rooker nor Feldman elaborated a rationale for a wide–reaching bar on the jurisdiction of lower federal courts, and our cases since Feldman have tended to emphasize the narrowness of the Rooker–Feldman rule"); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 280 (2005) (finding that the Supreme Court has only applied Rooker–Feldman twice, in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1982)). Rooker–Feldman

> assesses only whether the process for appealing a state court judgment to the Supreme Court under 28 U.S.C. § 1257(a) has been sidetracked by an action filed in a district court specifically to review that state court judgment. Thus, if a plaintiff in federal court does not seek review of the state court judgment itself but instead presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court.

4

Thana, 827 F.3d at 320 (internal quotation marks and citation omitted).

Here, defendants claim the court lacks subject matter jurisdiction over plaintiffs' claims under the Rooker–Feldman doctrine, however defendants fail to cite to any state court judgment in support of that contention. At most, defendants assert there *may* be "state court orders related to will probate entered by an unspecified County Clerk's Office of North Carolina[.]" (Def.s' Mem. Supp. Mot. Dismiss, DE # 10–1, at 5.) Absent the details of the underlying prohibitive judgment, this court has no ability to analyze the potential barring effect of a final, state–court judgment under Rooker–Feldman. Defendants' motion will be denied on this ground.

**B.     Failure to State a Claim**

Plaintiffs claim the "State of North Carolina Court failed to oversee the violations made upon plaintiff's great grandmother, [] Morphis and [] Smith's last will and testament[,]" resulting in a violation of due process. (Pls.' Resp. Opp'n, DE # 14, at 5.) Such a claim is brought pursuant to 42 U.S.C. § 1983. See 42 U.S.C. § 1983 (providing a private cause of action for an individual's constitutional deprivations).

"One alleging a violation of section 1983 must prove that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted); see 42 U.S.C. § 1983. Additionally, "[t]o establish personal liability under § 1983 [] the plaintiff must affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiff's rights. . . . That is, the official's own individual actions must have violated the Constitution." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (internal quotation marks and citation omitted).

5

Here, plaintiffs do not allege how anyone on behalf of the NCDOJ was involved in the alleged deprivation of their property rights. As such, NCDOJ's motion to dismiss under Rule 12(b)(6) will be granted.

NCAOC claims judicial immunity on the basis that "any act of [d]efendant NCAOC alleged in the [a]mended [c]omplaint was carried out pursuant to a Clerk of Superior Court or Assistant Clerk of Superior Court acting in a judicial role." (Def.s' Mem. Supp. Mot. Dismiss, DE #10, at 9; see also id. at 8 (citing N.C. Gen. Stat. Ann. § 7A–241 ("Exclusive original jurisdiction for the probate of wills and the administration of decedents' estates is vested in the superior court division, and is exercised by the superior courts and by the clerks of superior court as *ex officio* judges of probate according to the practice and procedure provided by law.")).)

"Judicial immunity provides judges immunity from suit." Mireles v. Waco, 502 U.S. 9, 11 (1991).

> [I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Id. at 11–12 (internal citations omitted); see Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."). This immunity applies to clerks and other court personnel "that are basic and integral . . . [to] judicial function." Jackson v. Houck, 181 F. App'x 372, 373 (4th Cir. 2006).

The NCAOC, the agency responsible for administrative oversight of the North Carolina court system, see N.C. Const. art. IV, § 15 (creating the NCAOC in order to carry out the administration of the State judiciary), is entitled to judicial immunity. Any potential NCAOC

6

involvement with the subject wills probate would have been in a clerical capacity or as a result of a superior court clerk function. As such, any claims against the NCAOC will be dismissed on the basis of judicial immunity.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. (DE # 10.) Plaintiff's amended complaint is DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to enter judgment and close this case.

This 22 April 2019.

_____
W. Earl Britt
Senior U.S. District Judge